IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:05cv71-MHT-SRW |
| JENNIFER McKEE | ) | (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by federal inmate Jennifer McKee ("McKee") to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. After careful consideration of the § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is unnecessary and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

**I. PROCEDURAL HISTORY**

On January 22, 2002, a jury found McKee guilty of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371.[1] The district court sentenced McKee to a term of 15 months in prison. McKee appealed, and on July 30, 2003, the Eleventh Circuit affirmed her conviction and sentence. *See United States v. Williamson*, 339 F.3d 1295 (11th Cir. 2003). McKee petitioned the United States Supreme Court for a writ of certiorari, which was denied on February 23, 2004. *See McKee v. United States*, 540 U.S. 1184 (2004) (No. 03-980).

On January 20, 2005, McKee filed this § 2255 motion, asserting as her sole claim that

---

[1]McKee was one of 4 codefendants in a 31-count indictment.

her sentence violates the holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).[2] (Doc. No. 1.) The government responds that McKee's claim is procedurally barred and that she is not entitled to relief because neither *Blakely* nor *Booker* is retroactively applicable to cases on collateral review. (Doc. No. 3.) McKee was afforded an opportunity to respond to the government's submission, and she has done so. (Doc. No. 5.)

## II. DISCUSSION

McKee argues that the district court's enhancement of her offense level at sentencing based on specific offense characteristics constituted judicial fact-finding in violation of *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).[3] (Doc. No. 1 at 1-2.) She contends that under *Blakely* and *Booker*, a jury was required to find, beyond a reasonable doubt, each sentencing factor that increased the penalty imposed against her. *Id.*

Both *Blakely* (decided June 24, 2004) and *Booker* (decided January 12, 2005) were

---

[2] In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that any fact (except for the fact of a prior conviction) increasing the penalty for a crime must be admitted by the defendant or submitted to a jury and proved beyond a reasonable doubt. 542 U.S. at 303. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court expressly applied *Blakely*'s reasoning to the Federal Sentencing Guidelines and held that, in order to pass constitutional muster, the federal guidelines must be considered as advisory rather than mandatory. 543 U.S. at 258-59.

[3] The district court increased McKee's offense level by six levels based on the amount of monetary loss, *see* U.S.S.G. § 2F1.1(b)(1)(G), and by two levels for obstruction of justice by committing perjury, *see* U.S.S.G. § 3C1.1.

decided after McKee's conviction became final (February 23, 2004).[4] The Eleventh Circuit Court of Appeals has held that neither *Blakely* nor *Booker* is retroactively applicable to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005); *see also In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005); *In re Dean*, 375 F.3d 1287 (11th Cir. 2004). Thus, the government is correct in arguing that McKee's claim invoking *Blakely* and *Booker* entitles her to no relief in this collateral proceeding.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by McKee be denied, as the claims therein entitle her to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 7, 2007**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See*

---

[4] A conviction is final on the day the Supreme Court denies a convicted defendant's certiorari petition or renders a decision on the merits). *See Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001)

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 24th day of January, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE